*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BORDEN, Minors.

UNPUBLISHED
December 13, 2024
9:16 AM

No. 371434
Bay Circuit Court
Family Division
LC No. 24-013792-NA

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order authorizing an amended petition filed by petitioner, the Department of Health and Human Services ("DHHS"), removing respondent's minor children, GB and TB, and suspending respondent's parenting time. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

GB and TB were born to respondent and non-respondent mother. This case arises after the minor children were interviewed at the Child Abuse and Neglect Council by Sandy Cuaves. Jared McLean, a case worker for Child Protective Services ("CPS"), observed the interviews. Both GB and TB related during the interviews that respondent had sexually assaulted them.

DHHS filed the original petition seeking to terminate respondent's parental rights because GB and TB were "at risk of being sexually abused if returned to the care of [respondent]." DHHS sought termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*) (physical injury or physical or sexual abuse of a child); (b)(*ii*) (failure to prevent physical injury or physical or sexual abuse of a child); (g) (failure to provide proper care for a child); (j) (risk of future harm if the child is returned to the home); and (k)(*ii*) (criminal sexual conduct). DHHS subsequently filed an amended petition, which included the same allegations as the original petition, as well as allegations respondent contacted mother and left a "threatening voicemail," despite mother having obtained a personal protection order ("PPO") against respondent.

The trial court held a preliminary hearing, and found that "custody with [respondent][] at this time does present a substantial risk of harm to the children's life, physical health or mental well-being." The trial court placed the children with mother under the supervision of DHHS. The trial court suspended respondent's parenting time for two weeks, finding it would be harmful to the children. At a subsequent hearing, the trial court authorized the filing of the amended petition, explaining: "[T]his is on the safety of the children and whether or not there's probable cause to believe that one or more of the allegations in the [p]etition are true. So, I do, based off of that standard, find that one or more of the allegations are true." The trial court suspended respondent's parenting time, noting there was evidence of sexual abuse based on GB's disclosures at the forensic interview. The trial court continued:

> Custody of the children with [respondent] at this time does present a substantial risk of harm to the children's life, physical health or mental well-being. No provision of service or other arrangement except removal of this child . . . from [respondent] is reasonably available to adequately safeguard the children from the risk of harm to the children's life, physical health, or mental well-being. Conditions of custody at the placement away from the home and with the individual with whom this child is placed will safeguard these children's health and welfare, which is in [Cardenas's] care. The siblings are in joint placement.

> At this time, I am going to, and the statute allows for under . . . aggravated circumstances, to suspend parenting time of [respondent]. . . .

The trial court found probable cause that one or more of the allegations was true, authorized the amended petition, removed the children, and suspended respondent's parenting time. This appeal followed.

## II. AUTHORIZATION OF THE PETITION

Respondent first argues the trial court erred when it authorized the filing of the June 2024 petition. We disagree.

### A. STANDARDS OF REVIEW

"The factual findings by the trial court are reviewed for clear error[.]" *In re Beers*, 325 Mich App 653, 680; 926 NW2d 832 (2018). "A finding of fact is clearly erroneous where the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Terry*, 240 Mich App 14, 22; 610 NW2d 563 (2000). "We review de novo the interpretation and application of statutes and court rules." *In re Ott*, 344 Mich App 723, 735; 2 NW3d 120 (2022) (citations omitted).

### B. ANALYSIS

"[A] request for court action to protect a child must be in the form of a petition." MCR 3.961(A). "Any person who suspects child abuse or neglect may report their concerns to the [DHHS]." *In re Ferranti*, 504 Mich 1, 14-15; 934 NW2d 610 (2019). "The [DHHS], after conducting a preliminary investigation, may then petition the Family Division of the circuit court to take jurisdiction over the child." *Id*. at 15. "That petition must contain, among other things,

'[t]he essential facts' that, if proven, would allow the trial court to assume jurisdiction over the child." *Id.*, quoting MCR 3.961(B)(3). "A request for removal of the child or a parent or for termination of parental rights at the initial disposition must be specifically stated." MCR 3.961(B)(6).

"After receiving the petition, the trial court must hold a preliminary hearing and may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b)." *In re Ferranti*, 504 Mich at 15. At the preliminary hearing, "the court must decide whether to authorize the filing of the petition and, if authorized, whether the child should remain in the home, be returned home, or be placed in foster care pending trial." MCR 3.965(B)(12). "If the court authorizes the petition, the adjudication phase follows." *In re Ferranti*, 504 Mich at 15.

There was sufficient evidence presented to find probable cause to authorize the filing of the amended petition, despite respondent's denial of the allegations of sexual abuse. The June 2024 petition sought to terminate respondent's parental rights because of concerns respondent sexually abused his children and shared inappropriate videos. Before authorizing the filing of the petition, the trial court received testimony from the CPS caseworker investigating the matter, who testified that GB and TB both stated that respondent sexually abused them. In addition, GB stated that respondent watched pornographic videos with him.

Respondent contends he and mother were engaged in a custody dispute, the children were coached to make false allegations, and there was no testimony to discern whether GB's statements were truthful. These arguments lack merit. CPS was aware of the ongoing custody dispute, as well as mother's PPO against respondent. The CPS caseworker stated there was no evidence the children were coached for their forensic interviews. Rather, the purpose of the interviews was for the children to understand "the differences between truths[] [and] lies[.]" Respondent also called mother from an "unknown number" and left a voicemail the day after the hearing held May 24, 2024. In the voicemail, respondent told mother she and the children were not safe and respondent advised mother "to take the children and herself, for safety, to go stay with a relative, family member, or trustworthy friend, somewhere out of the region they are normally in."

On the basis of these allegations and the testimony supporting them, the trial court did not clearly err by finding probable cause that one or more of the allegations in the amended petition were true.

## B. SUSPENSION OF PARENTING TIME

Respondent also argues the trial court erred in suspending his parenting time with the children. We disagree.

## A. STANDARDS OF REVIEW

This Court reviews a trial court's decision to suspend or modify parenting time for an abuse of discretion. *In re Laster*, 303 Mich App 485; 490-491; 845 NW2d (2013), superseded by statute on other grounds as recognized by *In re Ott*, 344 Mich App at 738-741. "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes."

*In re COH, ERH, JRG, & KBH*, 495 Mich 184, 202; 848 NW2d 107 (2014) (quotation marks and citation omitted).

## B. ANALYSIS

"Unless the court suspends parenting time pursuant to MCL 712A.19b(4), or unless the child has a guardian or legal custodian, the court must permit each parent frequent parenting time with a child in placement unless parenting time, even if supervised, may be harmful to the child." MCR 3.965(C)(7)(a). "If a petition to terminate parental rights to a child is filed, the court may suspend parenting time for a parent who is a subject of the petition." MCL 712A.19b(4). "[T]his Court held that MCR 3.965(C)(7)(a) only govern[s] parenting time from the preliminary hearing to adjudication and is not applicable once adjudication occurs. . . ." *In re Ott*, 344 Mich App at 737 (quotation marks and citations omitted).

MCL 712A.13a(13) "is tied to custody and placement orders after removal. . . ." *Id*. at 738. MCL 712A.13a(13) applies "before and after adjudication." *Id*. at 739. MCL 712A.13a(13) states:

> If a juvenile is removed from the parent's custody at any time, the court shall permit the juvenile's parent to have regular and frequent parenting time with the juvenile. Parenting time between the juvenile and his or her parent must not be less than 1 time every 7 days unless the court determines either that exigent circumstances require less frequent parenting time or that parenting time, even if supervised, may be harmful to the juvenile's life, physical health, or mental well-being. If the court determines that parenting time, even if supervised, may be harmful to the juvenile's life, physical health, or mental well-being, the court may suspend parenting time until the risk of harm no longer exists.

"[A] parent is entitled to parenting time with a removed child unless it 'may be harmful to the juvenile's life, physical health, or mental well-being. . . .' " *In re Ott*, 344 Mich App at 739, quoting MCL 712A.13a(13).

The trial court did not clearly err when it found allowing respondent to have parenting time would be harmful to the children. DHHS sought termination of respondent's parental rights because respondent sexually abused his children and exposed them to pornographic materials. CPS testified in detail regarding the nature of the sexual abuse allegations, and the forensic interviews of the children reflected they were sexually abused by respondent.

Although respondent denied the allegations, the record evidence supported the finding the children may be harmed under respondent's care, and the trial court did not abuse its discretion by suspending respondent's parenting time pending adjudication.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford

-4-